EMMA C. GEISSE *vs.* WILLIAM FRANKLIN.

New Haven Co., June T., 1887. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

The defendant agreed to conduct certain business for the plaintiff, " for her benefit and as her representative, without accountability for the manner of conducting the same or for any errors of judgment in the conduct thereof." Held that the defendant was liable for losses in the business caused by his neglect.

[Argued June 16th—decided November 18th, 1887.]

ACTION to recover a balance claimed by the plaintiff upon a settlement of accounts, and for damages for loss by the plaintiff through the negligent management of her business by the defendant as her agent; brought to the Superior Court in New Haven County, and tried to the court before *Stoddard, J.* Facts found and judgment rendered for the plaintiff and appeal by the defendant. The case involved a great complication of facts, but the only question of general interest is stated briefly in the opinion which presents all the facts pertaining to it, and the remainder of the opinion is omitted.

*S. E. Baldwin* and *H. E. Pardee*, for the appellant.

*S. W. Kellogg* and *W. L. Bennett*, for the appellee.

BEARDSLEY, J.   In August, 1887, the plaintiff entered into a copartnership with one Plumb in the stove business in New Haven, which continued until some time in 1883. The capital of the firm consisted of the stock of a bankrupt firm which the defendant, in whom the plaintiff reposed great confidence, had purchased for her, at her request, but in his own name.   The defendant was credited on the books of the company with this stock at a valuation of $8,000.

Plumb contributed nothing to the capital of the copartnership, and had not, so far as appears, any valuable interest in it at its termination.   The defendant, who was engaged in other business in New Haven, had also to a large extent the charge and management of the plaintiff's interest in the stove business from its commencement, and received a salary for his services.

During the latter part of the time he had succeeded in impressing the plaintiff with full confidence in his business qualifications and character, so that she gave little or no personal attention to the business, but surrendered the entire charge of her interests in the copartnership to the defendant, he sending her from time to time statements of the condition of the business.   On the 17th day of October,

Geisse v. Franklin.

1882, the plaintiff assigned to the defendant her interests in the copartnership, as security for an advance of $200 and such other advances, not exceeding $1,000, as might be thereafter made by him.

On the 9th day of March, 1883, Plumb assigned to the defendant, as trustee for the plaintiff, his interest in the copartnership; and on the 17th day of March, 1883, the defendant made the following written declaration, assented to by the plaintiff, as follows:

"Whereas I, William Franklin of New Haven, Connecticut, am now conducting a certain business in said New Haven under the name of the Franklin Stove Company, formerly conducted under the name of Brownson & Plumb, and latterly under the name of S. H. Plumb & Co.; and whereas I have, as agent for Mrs. Emma C. Geisse, formerly Emma C. Brownson, purchased the interest of said S. H. Plumb in said business, and am to account to him therefor, as appears by his assignment to me, dated March 9th, 1883, and my agreement with him of even date therewith; and whereas I have an interest in said business by assignment from said Emma C. Geisse, as appears by her assignment dated October 17th, 1882, and have engaged in said business to secure and protect the interest of said Emma C. Geisse therein, and her indebtedness to me, and it is agreed that I shall receive from said business the sum of twelve and one half dollars per week for my services in conducting the same, and as much more as such services may be reasonably worth, as we may agree. Now, therefore, I hereby declare that I am conducting said business for the benefit and as the representative of said Emma C. Geisse, without accountability for the manner of conducting the same, or for any errors of judgment in the conduct thereof; and that whenever all accounts between us are settled, and all indebtedness to me on the part of said Emma C. Geisse is fully paid and satisfied, and I am fully discharged from all liability arising from, growing out of, or in any way connected with said business, whether under the name of Brownson & Plumb, S. H. Plumb & Co., The Franklin Stove Company,

or any other name or designation, then I will transfer the interest in said business assigned to me by said Emma C. Geisse, to her or to such person or persons as she may name, whenever by her requested so to do, and until so requested will hold the same in trust for her use and benefit. New Haven, March 17th, 1883. WM. FRANKLIN.

" The foregoing is a correct and satisfactory statement of the position of said William Franklin, and of our agreement and understanding in relation to said business. March 17th, 1883. EMMA C. GEISSE."

From this time the defendant, as the plaintiff's agent, calling himself the trustee, had the entire management of the plaintiff's business, sending her the written statements from time to time prepared from the books.

(The opinion then states the losses in the business each year, until in July, 1885, the capital of the concern was entirely sunk and the liabilities exceeded the assets.)

The court finds that this loss was largely due to the neglect by the defendant of the plaintiff's interests intrusted to him, and assessed the damages for such neglect at $1,500.

The defendant's claim that he is shielded from liability for losses caused by his neglect is not well founded. In support of this claim he relies upon the expression in the above paper—" I hereby declare that I am conducting said business for the benefit of, and as the representative of, said Emma C. Geisse, without accountability for the manner of conducting the same, or for any errors of judgment in the conduct thereof."

The general language, "without accountability," etc., if it stood alone, would not justify the defendant's claim. The mode of conducting the business does not mean neglect of it, either partial or entire; but this general language, by a familiar principle of construction, is restrained by the specification "errors of judgment," and limited to losses so occasioned. The defendant might as properly claim immunity from losses if occasioned by his bad faith and dishonesty.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.