Hillsborough, July 9, 1951. } No. 4055.

CAROLINE A. STEVENS & a. v. ALFRED G. STEVENS.

*McLane, Davis, Carleton & Graf* (*Mr. Carleton* orally), for the plaintiffs.

*Devine & Millimet* (*Mr. Millimet* orally), for the defendant.

KENISON, J. The transactions relating to the plumbing and heating business at Laconia culminating in the incorporation of the

Northern Heating & Plumbing Company, Inc., with the plaintiff and the defendant owning an equal number of shares created in effect a partnership in corporate form. Since the original purchase of the business was made by the plaintiff "at the suggestion of her son Judson and contrary to the advice of the defendant," the latter cannot be charged with exercising undue influence upon the plaintiff in respect to it. Subsequent transactions relating to the Laconia business have been found to be fair, reasonable and understood by the plaintiff. These findings are supported by the evidence. The decree of the court dismissing the plaintiff's petition in respect to the Laconia business must therefore be affirmed unless, as the plaintiffs argue, Caroline could not legally transfer a one-half interest to the defendant in that business. The answer to this argument involves a construction of the John H. Stevens will and codicil.

"The language of the will [and codicil] in its disposal of the testator's residuary estate is not readily construed." *Holmes* v. *Mackie*, 86 N. H. 287, 289. The phrase "without accountability" has no precise meaning. (*Geisse* v. *Franklin*, 56 Conn. 83), although it is a clear indication that the plaintiff was given something more than a mere life estate even though it may have been less than an absolute fee. However, undue emphasis should not be placed on this phrase since the codicil to the will necessarily affects it if it does not control it. By the codicil the power of the plaintiff to make a different distribution to the children is taken away. The defendant is substituted both as executor and in control of the business where as formerly under the will, the plaintiff had wide powers of discretion with respect to the business. While it is difficult to make a consistent construction of all provisions of the will and codicil certain primary objectives can be deduced from them. The first objective is provision for the wife during her lifetime. The second objective is that the children should have an equal reversionary interest either in the Manchester business or the stock which it represents. The third objective was that the business should remain in the family during the life of the plaintiff. *Wilkins* v. *Miltimore*, 95 N. H. 17, 18.

When the plaintiff purchased the Laconia business using part of the assets of the estate, the business was still within the control of the family and this was a use which the testator might well have had in mind at the time the will was drawn. Since the plaintiff had the power to use a portion of the assets for such purchase, it follows that she likewise had authority to enter into a fair partnership

agreement with the defendant in return for past and future services of management. The fact that the controlling interest of the Laconia business is equally owned by the plaintiff and the defendant does not violate the objective of the will which gives the children equal reversionary interest in the Manchester business. Since the plaintiff's use of the estate was legal her subsequent division of the fruits of this use in the form of the Laconia business is likewise legal. A bequest of the use of property is a bequest of more than the income (*Ruel* v. *Hardy,* 90 N. H. 240, 242) which may include the power to invade a portion of the principal in the enjoyment of the use. *Belford* v. *Olson,* 94 N. H. 278.

In the fifteen years since the testator's death, the defendant has a fiduciary duty toward the plaintiff which he has never denied. Prior to 1948, the duty was not violated. Thereafter the violation is limited to the Stevens corporation according to the decree of the Superior Court. There is no finding of false representations, intentional deceit or actual fraud but a failure to fully and frankly inform the plaintiff of the effect of the incorporations of the Manchester business in 1948. The plaintiff was over seventy years of age and had a "limited knowledge of corporate finance and structure" and it is not always an easy feat for a fiduciary to adequately perform his duties in such cases. Furthermore the transactions that led up to the incorporation were handled by a law firm that had acted for the estate for a long period of time and did not act as the agent of either the plaintiff or the defendant individually.

In effect the defendant is charged with constructive fraud (*Cotton* v. *Stevens,* 79 N. H. 224) which is a rather ambiguous device for preventing the unjust enrichment of one person at the expense of another even though no intentional wrongdoing may be involved. As a result of the incorporation of the Manchester business the defendant became the owner individually of all the stock and the plaintiff was an unsecured creditor of the corporation. Although the position of the defendant was a difficult one, there is evidence to support the findings below that the plaintiff would never have entered into the transaction if she had understood it. Construing the findings most favorably to the prevailing parties, they cannot be set aside on appeal in this case.

Since the findings are supported by the evidence it follows that a decree allowing rescission is proper. *Page Belting Co.* v. *Prince,* 77 N. H. 309. This brings us to the question whether the terms of the decree do justice and equity to the parties in the litigation.

*Cotton* v. *Stevens,* 82 N. H. 105. In granting rescission the decree recognized that the plaintiff was entitled to such relief only "upon doing what equitably she ought to do under all the circumstances." It was determined that equity required the defendant "be left in no worse position than he would have occupied if he had continued to operate the business under the partnership agreement of July 8, 1943."

When one breaches a fiduciary duty the court may in its discretion deny all compensation, allow a reduced compensation or allow full compensation. 4 Bogert, Trusts & Trustees, *s.* 979. "In the exercise of the court's discretion the following factors are considered: (1) whether the trustee acted in good faith or not; (2) whether the breach of trust was intentional or negligent or without fault; (3) whether the breach of trust related to the management of the whole trust or related only to a part of the trust property; (4) whether or not the breach of trust occasioned any loss and whether if there has been a loss it has been made good by the trustee; (5) whether the trustee's services were of value to the trust." Restatement, Trusts, *s.* 243, *comment c.* It will be noted that the defendant stands in a favorable position under most of these factors.

One who is charged as a constructive trustee on the basis of constructive fraud is not to be penalized in awarding compensation particularly where there is no final loss to the beneficiary and the breach of trust was not intentional. 2 Scott, Trusts, *s.* 243. These principles have been applied to an executor as well as a trustee (*McInnes* v. *Goldthwaite,* 94 N. H. 331, 338) and they are applicable to the defendant in this case. The defendant has more than doubled the net worth of the business since the time he assumed sole management of it. The granting of rescission will therefore result in no loss to the plaintiff but the terms of the rescission should be such that the defendant's efficient management may be compensated for in an equitable manner. The present decree does not fully accomplish this.

The court has found and the evidence clearly indicates that the only party to this litigation that is responsible for the value of the Stevens corporation as a going concern is the defendant. The increased net profits of the business particularly since its incorporation are the culmination of the more productive years of the defendant's life. To base his compensation on the partnership agreement of 1943 is not adequate or equitable as a condition to the order of

rescission of the Stevens corporation made by the court when no damage will result to the plaintiff. See *Record* v. *Trust Company,* 89 N. H. 1. The decree should not only protect the interests of the plaintiff, and the equal reversionary interests of her children but also do equity to the defendant. All of these objectives of the will and codicil can be approximated by amending the decree to provide that, for the fiscal years ending in March of 1949, 1950 and 1951, the defendant shall be entitled to the net profits of Stevens corporation less such sums as he received from the business, including his salary, during those years and also less the sums paid or allocated to the plaintiff during said years. This may not be a perfect solution of a matter which defies certain determination after three years of litigation. However it is preferable to the negative and sure method of doing injustice by sustaining an inadequate award on the theory we cannot tell exactly how much to award.

*Decree affirmed as modified.*

All concurred.